UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

United States of America ,

                              Plaintiff,

                                                          **Hon. Hugh B. Scott**

                                                          01CV719S

                    v.                                    **Order and**
                                                          **Report & Recommendation**


One 2000 Toyota Tacoma Automobile,

                              Defendant.

_____

        This action revolves around the forfeiture of a 2000 Toyota Tacoma automobile under 21

U.S.C. § 881(a)(6).  Pursuant to a prior order, the Government auctioned the vehicle and retains a

fund of approximately $11, 999.00 from the proceeds of the sale.  Manual Hernandez[1] has filed a

claim asserting that the automobile, and hence the proceeds of the sale, belong to him.  Before

the Court is a motion to compel Hernandez to respond to certain discovery request (Docket No.

31).  The plaintiff has filed a motion seeking additional time to respond to the discovery requests

(Docket No. 56). Also pending are motions to strike Hernandez' claim based upon his failure to

respond to the plaintiff's discovery requests (Docket No. 49), and a motion to enforce the Court's

Order requiring the plaintiff to respond to the discovery requests (Docket No. 58).

        On February 27, 2009, a hearing was held relating to the motion to withdraw as counsel

for Hernandez filed by Daniel J. Chiacchia, Esq. (Docket No. 34).  Hernandez participated in that

hearing by telephone. Chiacchia was relieved as counsel.  During the hearing, Hernandez advised

the Court that he would proceed *pro se* in this matter.  Also during the February 27, 2009

_____

        [1]  A claim was also filed on behalf of Maria Gonzales. That claim has been deemed
abandoned and dismissed. (Docket No. 51).

1

hearing, the Court directed Hernandez to respond to the plaintiff's outstanding discovery requests within 30 days. Chiacchia was directed to forward the file documents in his possession to Hernandez. A written Order memorializing the release of counsel and Hernandez's obligation to respond to the discovery was entered on March 3, 2009. (Docket No. 44). By Order dated April 30, 2009, the Court allowed the plaintiff additional time, to May 29, 2009 to provide answers to the discovery requests. In that Order the Court stated that "[i]f Hernandez fails to provide the requested discovery, this Court will recommend that the claim be stricken in its entirety." (Docket No. 54).

On May 14, 2009, Hernandez filed a motion seeking an additional 60 days to respond to the discovery requests. (Docket No. 56). In his motion seeking additional time, Hernandez states that the papers he needs to respond to the discovery requests are contained in the documents which were to be sent to him by Chiacchia. Hernandez claims that, as of the date of his motion, he had not received the package sent by Chiacchia because of a series of transfers back and forth between the Federal Correctional Institution at Elkton, Ohio ("Elkton") and various county jails. (Docket No. 56 at ¶ 3). In support of this, Hernandez attaches documentation from Elkton attesting to the fact that between March 3, 2009 and April 29, 2009, Hernandez was "temporarily released via federal writ"; that during that time period certified mail came to the facility but could not be delivered to Hernandez because he was not available to sign for it (thus, it was returned to sender); and that since Hernandez's return to Elkton, as of May 5, 2009, he has not received any legal documentation via certified mail. (Docket No. 56, Exhibit A).

In light of the extenuating facts in this matter, the Court shall provide Hernandez another opportunity to respond to the outstanding discovery requests. The motion to compel discovery (Docket No. 31) is granted. Hernandez is directed to respond to the discovery requests on or before September 30, 2009. The Court shall conduct a status conference in this matter on July 21, 2009 at 2:30 p.m. to determine whether Hernandez has received the documents from

2

Chiacchia. **Inasmuch as Hernandez is incarcerated, counsel for the plaintiff is directed to notify the facility at which Hernandez is located to ensure that arrangements are made by the facility to allow him access to a telephone, as well as access to his legal papers relative to this action. Counsel for the plaintiff is directed to advise the Court of a telephone number to be used for the conference.**

**To facilitate these proceedings, the Court directs that Chiacchia appear at the July 21, 2009 conference, or in the alternative, advise the Court in writing by that date, to advise the Court of the status of efforts to forward the file documents to Hernandez.**

The motion to enforce this Court's April 30, 2009 Order (Docket No. 58) is denied.

### Report & Recommendation

Based upon the above, it is recommended that the motion to strike Hernandez's claim based upon his failure to respond to discovery requests (Docket No. 49) be denied without prejudice as premature.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER**

**BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED**

**HEREIN.** <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); <u>F.D.I.C. v.</u>

<u>Hillcrest Associates</u>, 66 F.3d 566 (2d. Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir.

1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil

Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to

consider arguments, case law and/or evidentiary material which could have been, but was not,

presented to the Magistrate Judge in the first instance. See <u>Patterson-Leitch Co. Inc. v.</u>

<u>Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3),

"written objections shall specifically identify the portions of the proposed findings and

recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3)may**

**result in the District Court's refusal to consider the objection.**

So Ordered.

_____

_/s/ Hugh B. Scott_
United States Magistrate Judge
Western District of New York

Buffalo, New York
July 10, 2009